UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

        -v.-

LILIAN JAKACKI,
      a/k/a  "Lilian Wieckowski,"
MARCIN JAKACKI,
      a/k/a "Martin,"
MW&W GLOBAL ENTERPRISES, INC.,
      d/b/a "Chopin Chemists,"
EUROPEAN APOTHECARY, INC.,
      d/b/a "Chopin Chemists," and
ROBERT CYBULSKI,

                              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - x

CONSENT PRELIMINARY ORDER OF
FORFEITURE/MONEY JUDGMENT

15 Cr. 727 (JSR)

WHEREAS, on or about October 26, 2015, LILIAN JAKACKI, a/k/a "Lilian Wieckowski," (the "defendant"), was charged in a six-count Indictment, 15 Cr. 727 (JSR) (the "Indictment"), with conspiracy to distribute and possess with the intent to distribute oxycodone, a narcotic, in violation of Title 21, United States Code, Section 846 (Count One); conspiracy to commit health care fraud, in violation of Title 18, United States Code, Section 1349 (Count Two); conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h) (Count Three); money laundering, in violation of Title 18, United States Code, Sections 1956 and 2 (Counts Four and Five); and conspiracy to misbrand prescription drugs, in violation of Title 18, United States Code, Section 371 (Count Six);

WHEREAS, the Indictment included a forfeiture allegation as to Count One of the Indictment, seeking, pursuant to Title 21, United States Code, Section 853, the forfeiture of any and all property constituting and derived from any proceeds the defendants obtained directly or indirectly as a result of the offense charged in Count One and any and all property used or intended

to be used in any manner or part to commit or to facilitate the commission of the offense charged in Count One including, but not limited to, all right, title and interest of the defendants in all that lot or parcel of land, together with its buildings, appurtances, improvements, fixtures, attachments and easements, located at 106 Porchuck Road, Greenwich, Connecticut 06831 (the "Porchuck Road Property");

WHEREAS, the Indictment included a second forfeiture allegation as to Count Two of the Indictment, seeking, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461, the forfeiture of any and all property constituting or derived from any proceeds the defendants obtained directly or indirectly as a result of the offense charged in Count Two, including, but not limited to the Porchuck Road Property;

WHEREAS, the Indictment included a third forfeiture allegation as to Counts Three, Four, and Five of the Indictment, seeking, pursuant to Title 18, United States Code, Section 982(a)(1), the forfeiture of any property, real or personal, involved in such offenses charged in Counts Three, Four, and Five, or any property traceable to such property, including, but not limited to the Porchuck Road Property;

WHEREAS, the Indictment included a fourth forfeiture allegation as to Count Six of the Indictment, seeking, pursuant to Title 21, United States Code, Section 334 and Title 28, United States Code, Section 2461, any article of food, drug, or cosmetic involved in Count Six, including, but not limited to the Porchuck Road Property;

WHEREAS, on July 28, 2016, the defendant pled guilty to Counts One, Two, and Three of the Indictment, pursuant to a plea agreement with the Government, wherein the defendant admitted the forfeiture allegations with respect to Counts One, Two, and Three of the Indictment, and agreed to forfeit to the United States: (i) pursuant to Title 21, United States Code, Section 853,

$280,000 in United States currency, representing any and all property constituting or derived from any proceeds the defendant obtained directly or indirectly as a result of the offense described in Count One of the Indictment, as well as any and all property used or intended to be used to facilitate the commission of the offense alleged in Count One of the Indictment; (ii) pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, $520,000 in United States currency, representing any property, real or personal, which constitutes or is derived from proceeds traceable to the commission of the offense described in Count Two of the Indictment, and (iii) pursuant to Title 18, United States Code, Section 982(a)(1), any and all property, real and personal, involved in the offense described in Count Three of the Indictment, or any property traceable to such property; and

WHEREAS, the defendant consents to the entry of a money judgment in the amount of: (i) $280,000 in United States currency as to Count One, and (ii) $520,000 in United States currency as to Count Two (collectively the "Money Judgment");

WHEREAS, the defendant, desires, and the Government has agreed, that the defendant will sell the Porchuck Road Property and apply the proceeds to the Money Judgment;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Preet Bharara, United States Attorney, Assistants United States Attorneys Jordan Estes, Sidhardha Kamaraju, and Louis Pellegrino, of counsel, and the defendant, and her counsel, Jodi Avergun, Esq., that:

1.      As a result of the offenses charged in Count One and Two of the Indictment, to which the defendant pled guilty, a Money Judgment in the amount of $800,000 in United States currency shall be entered against the defendant. The Money Judgment is to be joint and several with any money judgments entered against her co-defendants.

2.      The defendant shall sell the Porchuck Road Property and pay the net proceeds of the sale up to the unpaid balance of the Money Judgment to the Government within one year of the entry of this Order, or any later date agreed to by the Government via written notice to counsel for the defendant (the "Payment Due Date"). The Government shall have absolute discretion in determining whether or not to extend the Payment Due Date. The net proceeds of the sale of the Porchuck Road Property shall include all amounts received from the sale of the Porchuck Road Property after payment of outstanding taxes, valid prior liens, real estate commissions, insurance costs, escrow fees, document recording fees not paid by the buyer, title fees, county transfer fees, and reasonable real estate attorney's fees. Such payment shall be made within ten days the time of closing of the sale of the Porchuck Road Property, in the manner set forth in Paragraph 11 or as otherwise directed by counsel for the Government.

3.      The defendant shall not sell, transfer or encumber the Porchuck Road Property without the prior written authorization of the Government. The defendant shall not incur any obligations secured by the Porchuck Road Property after the date of the entry of this Stipulation and Order, without the prior written authorization of the Government.

4.      The defendant shall maintain the Porchuck Road Property as their expense in the same, or better, condition and repair as of the date of this Stipulation and Order. The term "maintain" shall include, but not be limited to, keeping the Porchuck Road Property free of hazards and/or structural defects; keeping all heating, air conditioning, plumbing, electrical, gas, oil, or other power facilities in good working condition and repair; keeping the Porchuck Road Property clean and performing necessary sanitation and waste removal; maintaining the Porchuck Road Property and grounds in good condition by providing snow removal, lawn mowing and all other ordinary and necessary routine maintenance. The defendant shall maintain casualty and fire

4

insurance equal to the full replacement cost of the Porchuck Road Property and all improvements thereon, and shall maintain liability insurance for injuries occurring on or resulting from the use of the property, or activities or conditions thereon.  The defendant shall also pay any and all mortgage, home equity loan, rent utilities, sewer, trash, maintenance, cable television, tax and/or other obligations, otherwise necessary and due on the Porchuck Road Property.  Moreover, the defendant shall abide by all laws, codes, regulations, ordinances, covenants, rules, bylaws, binding agreements and/or stipulations or conditions pertaining to the care, maintenance, control and use of the Porchuck Road Property.

        5.      If the defendant fails to sell the Porchuck Road Property and pay the net proceeds of the sale to the Government by the Payment Due Date as set forth in Paragraph 2, the defendant consents to the following:

        a.      The Porchuck Road Property shall be sold by the United States Marshals (the "Marshals") and the net proceeds of that sale up to the unpaid balance of the Money Judgment shall be forfeited as proceeds obtained directly or indirectly as a result of the offenses charged in Counts One and Two and property involved in the offense charged in Count Three.

        b.      The defendant shall expeditiously execute any and all paperwork and fulfill any other requirements in furtherance of a Marshals sale of the Porchuck Road Property, including vacating the Porchuck Road Property within 60 days after the Payment Due Date.

        c.      The defendant shall not file any petition or claim as to the portion of the net proceeds of the Marshals sale equal to the unpaid balance of the Money Judgment, or assist any other person in doing so.

        d.      If the Porchuck Road Property is sold by Marshals sale, the net proceeds of the sale of the Porchuck Road Property shall include all amounts received from the sale of the

Porchuck Road Property after payment of outstanding taxes, valid prior liens, real estate commissions, insurance costs, escrow fees, document recording fees not paid by the buyer, title fees, county transfer fees, reasonable real estate attorney's fees, if any, associated with the Marshals sale, and any and all expenses, if any, incurred by the Marshals or designees in connection with the custody, maintenance and sale of the Porchuck Road Property.

        e.      If the net proceeds of the Porchuck Road Property are greater than the unpaid balance of the Money Judgment at the time of the sale, the excess proceeds shall be transferred by the Marshals to the defendant in the manner directed by the defendant's counsel.

        6.      Notwithstanding any other language in this agreement, the Government agrees that the Government does not intend to seek forfeiture of the proceeds of the sale of the Porchuk Road Property, if any, in excess of the amount of the Money Judgment.

        7.      The defendant is barred from asserting, or assisting others in asserting, any claim against the Government, including the Department of Justice, the United States Attorney's Office for the Southern District of New York, and the United States Marshals Service, and all employees, officers, and agents of the Government, in connection with the sale of the Porchuck Road Property pursuant to this Order.

        8.      The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

        9.      Each party shall bear its own costs and attorney's fees.

        10.      Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture/Money Judgment is final as to the defendant LILIAN JAKACKI, a/k/a "Lilian Wieckowski," upon entry of this Consent Preliminary Order of

Forfeiture/Money Judgment, and shall be deemed part of the sentence of the defendant, and shall be included in the judgment of convictions therewith.

   11. All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable, in this instance to the United States Department of Treasury, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Asset Forfeiture Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the defendant's name and case number.

   12. Upon entry of this Consent Preliminary Order of Forfeiture/Money Judgment, and pursuant to Title 21, United States Code, Section 853, the United States Department of Treasury shall be authorized to deposit the payment on the Money Judgment in the Treasury Assets Forfeiture Fund ("TAFF"), and the United States shall have clear title to such forfeited property.

   13. The Clerk of the Court shall forward three certified copies of this Consent Preliminary Order of Forfeiture/Money Judgment to Assistant United States Attorney Jason H. Cowley, Chief of the Money Laundering and Asset Forfeiture Unit, United States Attorney's Office, One St. Andrew's Plaza, New York, New York 10007.

14.    The signature page of this Consent Preliminary Order of Forfeiture/Money

Judgment may be executed in one or more counterparts, each of which will be deemed an original

but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

PREET BHARARA
United States Attorney for the
Southern District of New York

By: _____          7-28-16
        JORDAN ESTES                          _____
        SIDHARDHA KAMARAJU                    DATE
        LOUIS PELLEGRINO
        Assistant United States Attorneys
        One Saint Andrew's Plaza
        New York, New York 10007
        (212) 637- 2543/6523/2689

LILIAN JAKACKI WIECKOWSKI,
a/k/a "Lilian Wieckowski,"
DEFENDANT

By: _____          7/28/16
        LILIAN JAKACKI WIECKOWSKI             _____
                                              DATE

By: _____          7/28/16
        JODI AVERGUN, ESQ.                    _____
        Cadwalader, Wickersham & Taft LLP     DATE
        700 Sixth Street, N.W.
        Washington, D.C. 20001

SO ORDERED:

_____          7/28/16
THE HONORABLE JED S. RAKOFF              _____
UNITED STATES DISTRICT JUDGE             DATE